UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIA SHAW,<br><br>       Plaintiff,<br><br>    v.<br><br>UNITED STATES MARSHALL [sic],<br><br>       Defendant. | **MEMORANDUM & ORDER**<br>24-CV-5644 (HG) (LB) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Mia Shaw brings this *pro se* action against the United States Marshal alleging violations of her civil rights. ECF No. 1 (Complaint). Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted. ECF No. 2 (IFP Motion). However, for the reasons stated below, Plaintiff's complaint is dismissed, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that on May 10, 2024, between approximately 4:30 A.M. and 5:00 A.M., "the U.S. Marshall's [sic] entered" her home on Staten Island "by breaking the door" and destroyed other property in search of a firearm. ECF No. 1 at 5. Plaintiff was not arrested and did not sustain physical injuries. Plaintiff alleges that the United States Marshals did not have a warrant, and "interrogat[ed]" and "threatened" her minor children "in a separate room." *Id.* at 5–6. Plaintiff seeks unspecified money damages. ECF No. 1 at 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the

---

[1]  Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). However, a district court shall review an in forma pauperis action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## **DISCUSSION**

Plaintiff attempts to bring this action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*"). ECF No. 1 at 4. However, Plaintiff has failed to state a claim under *Bivens*. Under *Bivens*, a plaintiff can sue a federal official or employee in their individual capacity for an alleged constitutional violation in certain specific circumstances. These limited circumstances include a claim under the Fourth Amendment against federal narcotics officers for a warrantless arrest and search, *see Bivens*, 403 U.S. at 397, a claim under the Fifth Amendment for sex discrimination against a congressman,

*see Davis v. Passman*, 442 U.S. 228 (1979), and a claim under the Eighth Amendment against federal prison officials for failure to provide adequate medical treatment, *see Carlson v. Green*, 446 U.S. 14 (1980).  Claims that do not fall within these and other enumerated specific circumstances cannot proceed under *Bivens*.  *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (explaining that "expanding the *Bivens* remedy is now disfavored").

Recently, the Second Circuit held that claims against officers of the United States Marshals Service ("USMS") cannot proceed under *Bivens* as such claims would impose liability against a new category of defendants.  *See Edwards v. Gizzi*, 107 F.4th 81 (2d Cir. July 12, 2024) (per curiam) (affirming district court dismissal of plaintiff's excessive force claim against deputy U.S. Marshals and court security officers).  Accordingly, to the extent Plaintiff is attempting to sue individual USMS officers[2] her complaint cannot proceed under *Bivens*.

If Plaintiff seeks to sue the USMS, a federal agency, that claim also cannot proceed under *Bivens*, because under the doctrine of sovereign immunity, the USMS is immune from suit.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (noting that sovereign immunity prevents plaintiffs from bringing *Bivens* actions against the United States, federal agencies, and individual federal defendants in their official capacities); *see also Bravo v. U.S. Marshals Serv.*, 684 F. Supp. 3d 112, 124 (S.D.N.Y. July 26, 2023) (holding that plaintiff's *Bivens* claims against the USMS had to be dismissed because "[t]he Supreme Court has expressly declined to extend *Bivens* liability to federal agencies or other entities") (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994) and *O'Donoghue v. United States Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020).  As such, the USMS cannot be sued under *Bivens*.

---

[2]   The Court notes that Plaintiff did not identify any individual officers of the USMS as defendants in this action.

3

However, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, provides a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers acting within the scope of their employment. 28 U.S.C. §§ 2671 *et seq.* Before filing a lawsuit under the FTCA, a plaintiff must file an administrative tort claim with the appropriate federal agency, here the USMS, within "two years after such claim accrues." 28 U.S.C. § 2401(b). The FTCA authorizes suits only against the United States and not against federal agencies or individuals. *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) ("The only proper federal institutional defendant in such an action is the United States."); 28 U.S.C. § 2679(b)(1). An FTCA complaint against the United States must be filed with the district court within six months from the date the administrative claim is denied, or if the agency fails to reach a decision on the administrative claim, within six months from the date a plaintiff first presents their claim to the federal agency. 28 U.S.C. § 2675(a). The Court lacks subject matter jurisdiction over an FTCA lawsuit if the plaintiff has not exhausted their administrative remedies before filing suit. *McNeil v. United States*, 508 U.S. 106, 112–113 (1993); *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (failure to exhaust administrative remedies is a jurisdictional bar to FTCA claims).

Here, there is no indication that Plaintiff has filed a federal tort claim with the USMS regarding what allegedly occurred at her home on May 10, 2024. And, in any event, she has not named the United States, the only proper defendant in an FTCA claim. Therefore, the Court lacks jurisdiction to entertain an FTCA claim at this time.

\*   \*   \*

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, "leave to amend need not be granted when amendment would be futile." *Terry v.*

*Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 62 (2d Cir. 2016).  Here, the Court declines to grant Plaintiff leave to amend because the nature of the defects in Plaintiff's claims, as discussed herein, would render any amendment futile.  *See, e.g.*, *Bravo*, 684 F. Supp. 3d at 126 (finding that amendment of *pro se* plaintiff's complaint, which attempted to assert *Bivens* claims against the USMS, "would not be productive"); *Davila v. Lang*, 343 F. Supp. 3d 254, 272, 283 (S.D.N.Y. Oct. 23, 2018) (dismissing *pro se* plaintiff's FTCA claim without leave to amend because plaintiff had not demonstrated that he first presented his claim to the appropriate agency and exhausted his administrative remedies).

## CONCLUSION

Accordingly, Plaintiff's complaint, filed IFP, is dismissed without prejudice, for lack of subject matter jurisdiction.  Because there is no indication that Plaintiff has already filed a federal tort claim with the USMS, the Court cannot entertain a potential claim under the FTCA.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

                                                              */s/ Hector Gonzalez*
                                                              HECTOR GONZALEZ
                                                              United States District Judge

Dated: Brooklyn, New York
        October 24, 2024